IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

            v.

JESSE MATEO RODRIGUES,

                Defendant.

OPINION AND ORDER

09-cv-68-bbc
05-cr-164-bbc-02

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Jesse Mateo Rodrigues has filed a timely motion under 28 U.S.C. § 2255 for vacation of the sentence imposed on him in 2007.  He contends that his sentence is illegal because both his court-appointed counsel and his retained counsel were constitutionally ineffective and his sentencing violated his Fifth and Sixth Amendment rights.  I conclude that defendant has failed to show any reason for finding his counsel ineffective and that he is barred from raising his other Fifth and Sixth Amendment claims because he failed to raise them on direct appeal and has not shown good cause for the failure or any prejudice resulting to him.

1

RECORD FACTS

Defendant was charged in 2005 with conspiracy to distribute methamphetamine.  He entered into a plea agreement and pleaded guilty to the conspiracy on June 6, 2006.  On July 10, 2006, his appointed counsel, Greg Dutch, was granted leave to withdraw in place of Albert Goins, whom defendant's family had retained.  Subsequently, the sentencing date was continued five times at Goins's request.  The fifth new sentencing date was December 5.  On December 4, Goins wrote to the court to say that defendant did not believe that the enhancements were supported by factual evidence.  I read this letter as defendant's intention to put the government to its proof and asked Goins the next day at the scheduled sentencing hearing whether he wished to have an evidentiary hearing.  He was not prepared to answer, so I gave him until December 19 to advise the court of his client's wishes.  On December 19, Goins's associate wrote to say that defendant did not want an evidentiary hearing.  The sentencing hearing was re-scheduled for the sixth time, to January 5, 2007, with written submissions to be filed on January 3.

Two hours before the January sentencing hearing, defendant's counsel filed a memorandum under seal in which he challenged the probation office's recommendations that defendant be given a three-point adjustment for his role in the offense and a two-point adjustment for possession of a dangerous weapon.  Having had at least two opportunities to contest those proposed adjustments, defendant's counsel was ill-positioned to be raising

2

objections at the last minute.  He explained that he was not challenging the factual accuracy of the report, only the legal sufficiency of the facts.   In response to questioning on the matter, defendant assured the court that he had no objections to anything in the report beyond what his counsel had raised.

At the hearing, I found that defendant had a base offense level of 36 because he was responsible for at least 13.25 kilograms of methamphetamine.  I added two levels because defendant had traded firearms in return for methamphetamine and had possessed guns in connection with his delivery of methamphetamine.  I added three levels after finding that defendant was a manager of supervisor in a conspiracy that involved five or more participants.  I deducted three levels because defendant had accepted responsibility for his criminal conduct.  The resulting adjusted offense level was 38.  With a criminal history category of III, defendant had an advisory guideline range of imprisonment of 292 to 365 months.  I sentenced him at the bottom of the range, to 292 months.

Defendant appealed his original sentence, contending that the court had erred in enhancing his offense level.  He challenged the statements in support of the enhancements as unreliable, given their sources.  The Court of Appeals for the Seventh Circuit affirmed the sentence, finding that defendant had waived his right to challenge the reliability of the statements and other evidence used to support the adjustments to his sentence "when, on two separate occasions, he denied that he had any intention of challenging the accuracy of

3

the facts in the [presentence report]."  <u>United States v. Rodrigues</u>, No. 07-1173, slip op. at 2 (7th Cir., Oct. 17, 2007).  Defendant filed a writ of certiorari to the Supreme Court of the United States, which denied it on February 19, 2008.

On January 3, 2008, the government moved for a reduction in defendant's sentence under Fed. R. Crim. P. 35, alleging that defendant had provided substantial assistance in the prosecution and investigation of other persons.  Defendant's sentence was reduced to 168 months to reflect his assistance.

OPINION

A. <u>Justiciability of Motion</u>

Defendant did not sign his § 2255 motion himself; instead, his father, Martin Rodrigues, signed it on defendant's behalf.  An explanation attached to the signature page says that the motion is signed by "Martin Rodrigues, Father, Due to the fact that Jesse Rodrigues is in SHU because his life has been threatened over his extensive cooperation with the Government and because other inmates have repeatedly tried to access paperwork regarding his case, Jesse Rodrigues has given power of attorney to me so that no legal paperwork will be sent to or from the prison."  Mot., dkt. #120 at 15.

Rule 2(b)(5) of the Section 2255 Rules allows signing "by a person authorized to sign [the motion] for the movant."  Such "next friend" standing has historical roots.  <u>Whitmore</u>

4

v. Arkansas, 495 U.S. 149, 162 (1990) ("As early as the 17th century, the English Habeas Corpus Act of 1679 authorized complaints to be filed by 'any one on . . . behalf' of detained persons, see 31 Car. II, ch. 2, and in 1704 the House of Lords resolved '[T]hat every Englishman, who is imprisoned by any authority whatsoever, has an undoubted right, by his agents, or friends, to apply for, and obtain a Writ of Habeas Corpus, in order to procure his liberty by due course of law.' See Ashby v. White, 14 How. St. Tr. 695, 814 (Q.B.1704).")

Under Whitmore, "next friend" standing has "at least two firmly rooted prerequisites." Id. at 163. "The next friend  must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." Id. See also Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989) (if next friend cannot explain why detainee did not sign and verify petition, "the court is without jurisdiction to consider the petition"). Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Id. (Citations omitted).  Martin Rodrigues says that his son is in the segregation unit for his own protection and implies that he cannot received mail without interference from other inmates.  Although the mail allegations are dubious, I find that Martin Rodrigues's statement is minimally adequate to allow this court to exercise jurisdiction over his son's motion and that he is dedicated to his son's best interests.

5

## B. Defendant's Alleged Grounds for Relief

### 1. Ineffective assistance of counsel

Defendant's first ground for relief rests on the alleged ineffectiveness of both his appointed and retained counsel.  With respect to his appointed counsel, Greg Dutch, defendant contends that Dutch did not give him constitutionally effective assistance in deciding whether to agree to the plea bargain the government was offering.  According to defendant, Dutch did not tell him his sentence could be enhanced by prior convictions and failed to tell him that if he went to trial, the government would have to prove that (1) he was in possession of a dangerous weapon and that there was a relationship between the weapon and his drug trafficking activities; (2) he was a manager or supervisor in the conspiracy; and (3) he was responsible for a given amount of drugs.  Defendant maintains that had Dutch given him this information, he "would have been far more likely to either reject the proffer or, at the very least, negotiate his plea differently."  Mem. in Supp. of § 2255 Mot., dkt. #120, at 18.

These allegations are insufficient to warrant an evidentiary hearing on defendant's claim of constitutionally ineffective representation as to Dutch.  Defendant has given the court no specific information to support his allegations of what Dutch did or did not tell him, such as what meetings the two had, where and when those meetings took place and what Dutch did tell him.  Of more importance, he has not averred under oath that he would

6

have gone to trial if he had had better advice.  The Court of Appeals for the Seventh Circuit has held that a defendant must do more than simply allege deficiencies in his counsel's performance; he must be explicit.  E.g., Gargano v. United States, 852 F.2d 886, 891 (7th Cir. 1988):

> The affidavit, however, does not state that the petitioner would have insisted on going to trial; it states only that the petitioner, had he been better advised, would not have accepted the sentence or entered into that agreement. We have already held that mere allegations by a defendant that he would have pleaded differently and insisted on going to trial are insufficient to establish prejudice, Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986).

Defendant has not produced any affidavit in support of his claim of ineffectiveness and he has not averred that he would not have gone to trial had he known of the possible enhancements to his sentence.  His statements fall far short of requiring an evidentiary hearing, let alone post conviction relief.  Berkey v. United States, 318 F.3d 768, 772-73 (7th Cir. 2003) (not enough for movant to allege that he would have gone to trial and not pleaded guilty had counsel given him correct information; he must go further and present objective evidence that reasonable probability existed that he would have taken that step).

Moreover, defendant cannot point to any legal right he had to know the enhancements to which he might be subject.  United States v. Barnes, 83 F.3d 934, 938 (7th Cir. 1996) (when defendant enters into plea agreement with government that does not include agreement as to punishment, "the punishment is not an essential term of the plea

7

agreement"). That does not mean that a lawyer should not alert his client to the possibility of enhancements, but it does mean that it would be difficult for defendant to prevail on this particular claim of ineffective assistance.

Had defendant gone to trial, it is probable that he would have lost his three-point reduction for acceptance of responsibility. He had little to offset such a predictable injury: the evidence against him was extensive, as laid out in 105 paragraphs in the presentence report, and his convicted co-conspirators had no reason not to testify against him.

Defendant is wrong in thinking that if he had gone to trial, the government would have had to prove the sentencing enhancements to the jury beyond a reasonable doubt. So long as the guidelines are advisory, which they are, the sentencing court may find the facts supporting the enhancements by a preponderance of the evidence. Defendant had no right to a jury trial on those matters.

Defendant has cited a case, United States v. Jackson, 32 F.3d 1101 (7th Cir. 1994), that he says stands for the proposition that a court has no authority to enhance a sentence on the basis of a prior conviction if the court failed to give defendant notice before trial of the possibility of such an enhancement. He reads the case correctly, but it is not relevant to his situation. In Jackson, the sentencing court added a two-level upward adjustment to the defendant's base offense level for abuse of a position of trust, although the probation office had not recommended such an adjustment or even discussed it in the presentence

8

report and the court had not given any advance notice that it might impose such an enhancement.  Now that the guidelines are advisory, it is not clear whether the court of appeals would reach the same conclusion.  United States v. Sharp, 436 F.3d 730, 734, n.1 (7th Cir. 2006) ("Other Courts of Appeals have considered whether the notice requirement of Rule 32(h) survives United States v. Booker, 543 U.S. 220 (2005), in which the Supreme Court rendered the Sentencing Guidelines advisory.") (Citations omitted)).  It does not matter, because defendant's sentence was not enhanced on any ground that had not been discussed in the presentence report.  He cannot claim to have lacked notice of the possibility that the court would apply the enhancements.

As to his retained counsel, Albert Goins, defendant cites a myriad of alleged inadequacies:  Goins's failure to abide by the rules of the court, his tardiness in filing objections to the presentence report, his failure to give timely notice to the government of his intention to object to the sentencing information, his failure to request a hearing on the factual matters, his failure to object to the probation office's determination of the amount of drugs attributable to defendant, his failure to object to the other sentencing enhancements, his failure to raise a claim under Booker, 543 U.S. 220, his failure to realize that downward adjustments for acceptance are given for pleading guilty and admitting guilt and that a defendant does not sacrifice the adjustment by contesting the findings in the presentence report, his failure to challenge the idea that contesting matters in the

9

presence report warrants the loss of acceptance of responsibility and his waiver of defendant's right to object to the presentence report.

Several of these allegations can be disposed of quickly. Goins's failure to follow the court's rules and his tardy filing of objections to the presentence report do Goins no credit but they do not show constitutional ineffectiveness in themselves. The court excused his failure to follow the rules and accepted his late filings.

If defendant wants to challenge Goins's failure to give timely notice to the government of his intention to object to the sentencing information and his failure to request a hearing on the factual matters underlying the sentencing enhancements, he must show that the lack of a hearing caused him prejudice. Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), constitutional ineffectiveness of counsel has two prerequisites: representation that falls below the minimum *and* a showing of prejudice. To show prejudice, defendant would have to prove that he had a good chance of succeeding on his challenges to the drug amounts, his role in the conspiracy and his possession of a gun in connection with the drug distribution. He has not adduced any evidence that he could have persuaded the court that these enhancements were improper and he has not shown that if he had challenged the enhancements, he would not have forfeited his three-point reduction for acceptance of responsibility. Sentencing courts do not take a positive view of defendants who seek a reduction in their offense levels for acceptance of responsibility but then proceed

10

to deny relevant aspects of their conduct such as their possession of firearms or the amounts of drugs they distributed, when there is no basis for doing so.

Moreover, defendant has not explained why, when he was questioned by the court at the sentencing hearing, he assured the court that he had no objection to accepting the factual matters as proven and contesting only the application of the law to those facts.

As I have noted, the evidence against defendant was extensive and corroborated by a variety of sources. Even now, more than three years after he was arrested, defendant can point to no evidence to refute the facts laid out in his presentence report.

Defendant faults Goins for failing to raise a claim under <u>Booker</u>, 543 U.S. 220, but does not explain what kind of <u>Booker</u> claim Goins might have raised. It is true that <u>Booker</u> held that a jury must make findings of facts to support sentencing adjustments, but defendant's challenge ignores the second part of <u>Booker</u>, which is that if the sentencing guidelines are treated as advisory, the sentencing judge may make his or her own findings of fact by a preponderance of the evidence.

Defendant argues that his counsel was misguided in thinking that a challenge to the factual bases for the sentencing enhancements could lead to a loss of the downward adjustment for acceptance of responsibility. Defendant is wrong. An adjustment for acceptance of responsibility does not follow automatically upon a plea of guilty, as defendant seems to think. A defendant does not sacrifice the adjustment by contesting the findings in

11

the presentence report if he has actual evidence to support his challenges.  He does run the risk of losing the adjustment if he refuses to admit to matters that seem well documented in the presentence report and he has no evidence to refute them.

Defendant's last allegation about Goins's alleged ineffectiveness goes to Goins's waiver of defendant's right to object to the presentence report.  As I have explained, Goins's decision to do so makes sense in light of the apparent lack of evidence to support a challenge to the proposed enhancements and his well-founded concern that raising objections would risk the loss of acceptance of responsibility.  Moreover, defendant agreed on the record to Goins's decision.  It is too late for him to change his mind.

2. <u>Violations of defendant's Fifth and Sixth Amendment rights</u>

Defendant contends that the government breached the plea agreement when he was held responsible for more than the 500 grams to which he had pleaded guilty and when his sentence was enhanced for possession of a gun and for his role in the conspiracy.  He argues as well that his sentence violated the holding in <u>Booker</u> that the sentencing court cannot enhance a sentence on the basis of facts not found by a jury.  Neither of these arguments has any merit.  Even if they did, I could not address them because they are arguments that defendant could have raised on appeal, unlike his claim of ineffective assistance of counsel, which he properly reserved for post conviction proceedings when he would have the

12

opportunity to produce evidence outside the record.  Defendant has not shown that he has good cause for not raising these matters on appeal, that he would suffer prejudice if he cannot raise the arguments in this proceeding or that this court's refusal to consider the issue would lead to a fundamental miscarriage of justice.  <u>Prewitt v. United States.</u>  83 F.3d 812, 816 (7th Cir. 1996) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.") (citing <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994)).  His motion will be denied as to these alleged violations of his Fifth and Sixth Amendment rights.

### 3. <u>Second violation of Fifth and Sixth Amendment rights</u>

Defendant contends that his criminal history category was overstated.  Again, this is a contention that could have been raised on appeal but was not.  Defendant has not shown good cause for the failure to raise it, actual prejudice if it is not heard or a fundamental miscarriage of justice.  It is unlikely that the court of appeals would have considered it even if he had raised it on appeal because he never challenged the computation at the time of his sentencing.  Even if the court of appeals had considered the issue, it would have sustained the calculation of defendant's criminal history score.

13

Defendant argues that the computation took into account sentences that would not have been counted under the November 2007 amendments to the guidelines. He may be correct but it does not follow that it was error for the sentencing court to include those sentences in January 2007, eleven months before the amendments had been published, or for the court of appeals to confirm his sentence when the amendments had not yet taken effect.

4. Unreasonable sentence

Defendant contends that the sentence imposed on him was unreasonable because it was greater than necessary to accomplish the purposes of sentencing. Defendant has no basis for his contention. Thus, even if he could raise this issue for the first time in a post conviction motion, which he cannot, it would fail.

D. Summary

Defendant's motion will be denied as to his claims that his Fifth and Sixth Amendment rights were violated by the court when it enhanced his base offense level and his criminal history score and category, when the government breached its plea agreement and when the court imposed an unreasonable sentence on him. Defendant could have raised these claims on direct appeal but did not. He has shown no good cause or actual prejudice

14

that would entitle him to raise them in his post conviction motion.

Defendant's claim that he was denied constitutionally adequate representation by Greg Dutch or Albert Goins will be denied because defendant has not shown that either lawyer did or failed to do anything that caused defendant actual prejudice.


ORDER

IT IS ORDERED that defendant Jesse Mateo Rodrigues's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 13th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge